UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NELSON RODRIGUEZ,

                             Plaintiff,                           9:07-CV-0432
                                                                                                   (LEK)(DEP)

    v.

DONALD SELSKY,

                             Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NELSON RODRIGUEZ, *Pro se* | |
| HON. ANDREW M. CUOMO<br>Attorney General of the State of New York<br>The Capitol<br>Albany, NY 12224<br>Attorney for Defendant | AARON M. BALDWIN, ESQ.<br>Assistant Attorney General |

DAVID E. PEEBLES
U.S. Magistrate Judge

DECISION AND ORDER

I.     BACKGROUND

      Plaintiff Nelson Rodriguez commenced this action against the Defendant pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. Dkt. No. 1. By Order of this Court filed on August 29, 2007, Defendant was granted permission to "take the deposition of plaintiff at a Correctional Facility within the Department of Correctional Services during regular business hours." Dkt. No. 14. Defendant was directed to serve notice of the deposition, together with a copy of the August Order, upon Plaintiff "at least 10 days prior to the scheduled day for his deposition." *Id*. Defendant originally scheduled Plaintiff's deposition for June 26, 2008 at Greenhaven Correctional

Facility. *See* Dkt. No. 25. Plaintiff submitted a letter request seeking a protective order, stating that he objected to the location of the deposition at Greenhaven because he had previously commenced a civil rights action against "a high ranking official" at that facility, who later became deputy superintendent of security at Greenhaven. *Id.* Plaintiff claimed that after he filed that civil rights action, he was subjected to ongoing retaliation in the form of unwarranted facility transfers and destruction of his personal and legal property, among other things. *Id.* Because he feared for his personal safety and the safety of his personal and legal property if the deposition were held at Greenhaven, Plaintiff requested that the deposition not be held at that facility. *Id.* Plaintiff also requested the Court to "allow/order" the Defendant to take Plaintiff's deposition at Attica Correctional Facility - where Plaintiff is currently incarcerated - either in person or by video-conference. *Id.*

In deference to Plaintiff's concern that he not be transported to Greenhaven, Defendant re-noticed Plaintiff's deposition for June 30, 2008 at Downstate Correctional Facility. Dkt. No. 23. In light of this development, the Court denied Plaintiff's first request for a protective order as moot. Dkt. No. 25.

Currently before the Court is Plaintiff's renewed motion for a protective order. Dkt. No. 27. Defendant opposes the motion and has submitted a cross-motion to compel Plaintiff's attendance at a deposition to be held at Downstate Correctional Facility. Dkt. Nos. 28, 29. Defendant also seeks an extension of the discovery deadline for the limited purpose of taking Plaintiff's deposition and of the dispositive motion filing deadline. *Id.*

II.     MOTION FOR A PROTECTIVE ORDER

2

Plaintiff claims that Defendant "misconstrued" Plaintiff's first request for a protective order since Plaintiff not only objected to being deposed at Greenhaven, but also specifically requested to be deposed at Attica Correctional Facility, either in person or by video-conference. Dkt. No. 27 at 1-2. Plaintiff alleges that he fears for his safety and the safety of his property "at various state correctional facilities." *Id*. at 2. Plaintiff states that because of "serious ongoing reprisals that plaintiff has been subjected to ... he will not make himself available to be depose[d] in this matter on June 30, 2008 ... at Downstate Correctional Facility."[1] *Id*. Plaintiff indicates that he is not refusing to be deposed in this action; he however apparently only agrees to be deposed if the deposition is conducted at his current place of incarceration, Attica. *Id*.

In response to Plaintiff's motion, Defendant argues that (1) Plaintiff has not demonstrated good cause for the requested relief; (2) taking Plaintiff's deposition "via video-conference would be unduly restrictive and would prevent or impede the marking or exchange of documents and exhibits;"(3) conducting the deposition in person at Attica would be an undue burden on Defendant's counsel;[2] and (4) requiring a different Assistant Attorney General from another regional office to conduct the deposition would also be unduly burdensome. Dkt. No. 28 at 3-4.

Rule 26(c) of the Federal Rules of Civil Procedure states in pertinent part:

> A party or any person from whom discovery is sought may move for a
> protective order .... The motion must include a certification that the movant

---

[1]   Upon receipt of Plaintiff's motion, the Court stayed the deposition scheduled to be held at Downstate on June 30, 2008. Dkt. No. 26.

[2]   Defendant's counsel states if the deposition is held at Downstate, he would only be out of the office for one day; a deposition at Attica would require him to be out of the office for two to three days. Dkt. No. 28 at 4.

3

> has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Fed. R. Civ. P. 26(c). Rule 26(c) must be read in conjunction with Rule 26(b)(1) which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Moreover, "actions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (citing *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984) (Foley, J.)).

"The decision whether to limit the open and potentially far-reaching discovery permitted under the Federal Rules of Civil Procedure is left to the discretion of the trial court, in light of the facts and circumstances of a particular case." *Gillette Co. v. Philips Oral Healthcare, Inc.*, No. 99 CIV0807, 2001 WL 1442637, at *3 (S.D.N.Y. Nov. 15, 2001) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312-13 (1978); *Seattle Times v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct.2199, 2209 (1984) (Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required")). "Where ... the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) (citations omitted).

> To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal),* No. 94 Civ. 1402, 1995 WL 234710, at *10, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995) (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986)).

*Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D.Conn. 2006).

In the first instance, Plaintiff has not demonstrated that he "has in good faith conferred or attempted to confer" with Defendant regarding his objections to the deposition prior to bringing this motion for a protective order as required by Fed. R. Civ. P. 26(c). Moreover, since Plaintiff has not demonstrated good cause for the issuance of a protective order, Plaintiff's motion is denied in all respects.

III.   CROSS-MOTION TO COMPEL

By his cross-motion Defendant seeks an Order compelling Plaintiff to appear at a re-scheduled deposition to be held at Downstate Correctional Facility. Dkt. Nos. 28, 29. Plaintiff has not responded to Defendant's cross-motion.

Since the Court has denied Plaintiff's request for a protective order, the Court grants Defendant's motion to compel to the extent that Defendant may require the Plaintiff to appear at a re-scheduled deposition to be held at Downstate Correctional Facility. Therefore, Defendant may reschedule, upon notice mailed to Plaintiff at least ten (10) days prior to the scheduled day for his deposition, Plaintiff's deposition to take place at Downstate Correctional Facility no later than August 8, 2008. Plaintiff is hereby ordered to appear at his deposition at Downstate should it be re-scheduled by Defendant. <u>PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER TO APPEAR AT ANY RE-SCHEDULED DEPOSITION AT DOWNSTATE CORRECTIONAL FACILITY SHALL LEAD TO SANCTIONS, WHICH MAY INCLUDE THE DISMISSAL OF PLAINTIFF'S ACTION</u>.

IV.   EXTENSION OF PRE-TRIAL DEADLINES

Defendant requests an extension of the discovery deadline for the limited purpose of

5

conducting Plaintiff's deposition and of the dispositive motion filing deadline. Dkt. No. 29. The discovery deadline will be reset until August 8, 2008 for the limited purpose of conducting Plaintiff's deposition. The discovery deadline has expired in all other respects. Motions to compel must be filed by September 5, 2008. The dispositive motion filing deadline is reset until November 28, 2008.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion for a Protective Order (Dkt. No. 27) is DENIED, and it is further

ORDERED, that Defendant's cross-motion to compel Plaintiff's attendance at a re-scheduled deposition (Dkt. No. 29) is GRANTED to the extent that Defendant may reschedule Plaintiff's deposition to take place at Downstate Correctional Facility no later than August 8, 2008. Plaintiff is hereby ordered to appear at his deposition at Downstate should it be re-scheduled by Defendant. Plaintiff shall be given at least ten (10) days notice of his deposition. <u>PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER TO APPEAR AT ANY RE-SCHEDULED DEPOSITION SHALL LEAD TO SANCTIONS, WHICH MAY INCLUDE THE DISMISSAL OF PLAINTIFF'S ACTION</u>, and it is further

ORDERED, that the discovery deadline is rescheduled until August 8, 2008 for the limited purpose of conducting plaintiff's deposition;[3] the motion to compel filing deadline is rescheduled until September 5, 2008; and the dispositive motion filing deadline is extended until November 28, 2008; and it is further

---

[3] The discovery deadline has expired in all other respects.

ORDERED, that the Clerk serve a copy of this Order on the parties hereto in accordance with the Local Rules.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:     July 14, 2008
           Syracuse, New York